CENTRAL TRUST CO. OF NEW YORK v. WABASH, ST. L. & P. RY.

(Circuit Court, E. D. Missouri, E. D.   October 8, 1898.)

Nos. 2,357, 2,464.

1. RAILROADS—JOINT USE OF TRACK—RIGHTS UNDER DECREE.

A decree awarded petitioner, a railroad company, the right to use the track of defendant between a terminal and another point, from which each company owned and operated its own track, the two running parallel for a distance. By a subsequent contract between them it was agreed that such tracks should be used jointly as far as a certain station, and thereafter they were so used, defendant's track being used principally for through trains, and petitioner's for local purposes. *Held*, that such contract did not affect petitioner's rights under the decree, its only effect being to change the place of connection between the two tracks, and that defendant's refusal to permit petitioner to use the track covered by the decree for cars destined beyond such track and on the tracks covered by the contract was a violation of the injunctive order embodied in the decree.

Proceedings for Contempt in Violating Decree.

J. E. McKeighan, Shepard Barclay, M. A. Lowe, W. F. Evans, Frank Hagerman, and John H. Overall, for interveners.

Boyle, Priest & Lehmann, Wells H. Blodgett, and Geo. S. Grover, for defendant.

ADAMS, District Judge.   The intervening petition filed in this cause July 12, 1886, by the city of St. Louis and the St. Louis, Kansas City & Colorado Railroad Company resulted in a final decree passed by the court on December 31, 1886, awarding to the intervener, the St. Louis, Kansas City & Colorado Railroad Company, hereafter for convenience termed the "Colorado Company," the right, upon certain terms fixed by the decree, to the equal use and benefit of the right of way, tracks, switches, side tracks, turnouts, turntables, and other terminal facilities belonging to the defendant the Wabash, St. Louis & Pacific Railway Company, hereafter for convenience called the "Wabash Company," extending from the north line of Forest Park to Eighteenth street, in the city of St. Louis.   This decree conferred in terms upon the Colorado Company the right to make connection with the tracks of the Wabash Company at the north line of Forest Park for the purpose of making the use of such tracks and other facilities of the Wabash Company accorded to it by the decree as already specified. This north line of Forest Park is for all practical purposes at the intersection of the Wabash Railway track and Union avenue.   The Wabash Company, it appears, conformed to all the requirements of that decree until August, 1898.   At that time it is charged that the Wabash Company refused to permit the Colorado Company to use its tracks running from Eighteenth street to Union avenue for the purpose of transporting over them two or more cars of coal consigned to Forsythe Station

on the Wabash Line, situate a mile or more west or northwest of Union avenue, to be afterwards delivered to the Houseberger coalyard, which is located on the line of the Colorado Road between Forsythe Station and Union avenue. These cars of coal had been consigned to the Colorado Company by shippers in Illinois for transportation to Houseberger's coalyard, as above stated. To make this matter clear, it should be stated that the Colorado Company and the Wabash Company each own a track extending from Union avenue to Forsythe Station. These two tracks were in existence at the time of the decree rendered by this court in 1886, and then and for some time afterwards the Colorado Company operated its own track exclusively, and all connections were made with the Wabash track at the intersection of this track with that of the Wabash Company at Union avenue. It is not debatable, therefore, that, if such were the condition of things now, the Colorado Company would have a clear right, under the decree of 1886, to insist upon the use of the Wabash tracks from Eighteenth street to Union avenue for the purpose of transporting freight consigned to it for carriage to any point or points on its line west of Union avenue, and therefore would have a clear right to do that which the Wabash Company now denies to it. But it is claimed that by reason of the provisions of a certain contract executed by these two companies of date December 1, 1887, and by reason of the subsequent conduct and usage of the parties, whereby the Colorado Company has been using the Wabash track between Union avenue and Forsythe Station, and connecting with its own track at the latter place, it, the Colorado Company, has in some way lost or contracted away the right to use the Wabash track east of Union avenue for the purpose of carrying any freight to Union avenue consigned to any place on its line between Union avenue and Forsythe Station. The contract referred to provides, in effect, that the two tracks so owned severally by the two companies between Union avenue and Forsythe Station shall thereafter be used in common by the two companies, to be operated as a double track between the two points named. Since the execution of the contract the two companies have so used them. In the main they have operated the track of the Wabash as the main running track, and both companies have operated their trains over it, the Colorado Company switching off upon its own track at Forsythe Station, instead of, as before, at Union avenue, and the track of the Colorado Company extending between these two points has been used in the main as a switch track for the benefit of both companies. Pursuant to the provisions of this contract and the usage of the parties in relation thereto, the Colorado Company was about to take the coal consigned to the Houseberger yard out of the possession of the terminal company, which had carried it to the yards of the Wabash Company at Eighteenth street, move it out over the tracks of the Wabash Company to Union avenue, thence over this joint track to Forsythe Station, there to be switched back on the other track used as a joint switch to Houseberger's yard. The Wabash Company refused to permit the Colorado Company to use its tracks to Union avenue for that purpose. A petition setting forth these facts and such refusal has heretofore been presented to this court. An order has been duly made citing the officers and agents of the Wabash Company to ap-

pear and show cause why they should not be punished for contempt for violating the injunctive order of this court issued to enforce the provisions of the decree already referred to. A return to this order setting up the foregoing facts, and especially the contract of 1887 and the conduct and usage of the parties, as already stated thereunder, is made by such officers and agents.

The only question presented for the determination of the court on this return is whether the agreement of 1887 destroyed the right conferred by the decree of 1886 to so use the Wabash tracks east of Union avenue as to transport freight to the line of the Colorado Company's road lying between Union avenue and Forsythe Station. It is conceded in argument that, but for the agreement of 1887, the Colorado Company would have had the right to take the coal in question over the Wabash tracks to Union avenue, and there switch it over upon its own track and deliver it to Houseberger's yard. Does that contract, or the usage of the parties thereunder, destroy this right? I think not. Its effect is to change the point of switch connection, or rather to make a new switch connection at Forsythe Station. For a consideration satisfactory to the parties, the Colorado Company by that contract was not thereafter to be limited in this matter of switch connection to Union avenue, as it was limited by the provisions of the decree of 1886. The contract, as I construe it, was made for the convenience of both the parties, recognizing fully the right of the Colorado Company to connect with the Wabash tracks somewhere for any and all purposes contemplated by the decree of 1886, and agreeing that such right should be enjoyed under the new contract in a somewhat different way, but not to be substantially affected, and certainly not to be destroyed. Such must be the meaning of the contract, in fact one of the clauses of the contract can have no application unless such meaning is given to it. The clause I refer to reads as follows: "This contract shall not be construed as in any way affecting or bearing upon the present running arrangement or arrangements for use of track between Forsythe Station and Union Depot." In the light of this clause it clearly appears that the new arrangement was not intended to affect any of the rights of the Colorado Company under the decree of 1886. And inasmuch as under that decree the Wabash Company would have been obliged to permit the Colorado Company to use the tracks for the purposes now desired, it is clearly obliged to do so now, notwithstanding the contract of 1887.

I cannot agree with respondent's counsel that the refusal of the Wabash Company to accord to the Colorado Company the rights and privileges now desired is a breach of the contract of 1887 only, and therefore not redressible by the process of contempt. This contract only varied the method or place of connecting or making a union with the Wabash tracks, but did not vary or affect the right to make that union. Whenever or wherever that union is made, whether at the place specifically provided for in the decree or at some different place agreed upon by the parties as a substitute therefor, the right arises, under the decree, to use the tracks of the Wabash Company from Eighteenth street to Union avenue for the transportation of freight to the place of that union. The Colorado Company may deliver to any point or points along its own track according to the requirements of its business.

It results from the foregoing views that the refusal of the Wabash Company to permit the use of its tracks for the purposes specified is in violation of the decree of this court of date December 31, 1886. But, inasmuch as this is conceded by counsel in their arguments not to have been a willful or intentional violation of the decree, but an act done by the officers and agents of the railroad company pursuant to their views of the rights of the company and pursuant to the advice of counsel, it is not deemed by the court a case warranting any severity of punishment. This proceeding was instituted by counsel to secure a construction of the decree of 1886 in the light of subsequent events. The punishment, therefore, for this technical violation of the decree will be $1 and the costs of this proceeding.